15-2691 Constance Oswald v. Brian Hamer Before we call the case, I want to announce that Justice Rochford is the third panel member on this case, as the parties are aware. She is not able to be here today for purposes of our arguments. However, she will certainly have the tapes available for review, and so I did want to advise the lawyers of that fact. So with that in mind, if the lawyers that are actually going to argue, would you all step up to the podium and please identify yourselves for the record. Good morning, Your Honors. Kenneth Flaxman for the appellants. Mr. Flaxman. Good morning, Your Honors. Stephen Flom for the Illinois Hospital Association, now known as the Illinois Health and Hospital Association. Mr. Flom. Your Honors, Illinois Assistant Attorney General Carl Ehlitz representing the Department of Revenue. Mr. Ehlitz. Good morning to all of you. All right. So we have a petition-free hearing, just like our last case, and I want to advise the attorneys that each side will have about 20 minutes, and from that, Mr. Flaxman, you may save some time for rebuttal. All right? So if you'll be seated, we'll let Mr. Flaxman begin. Good morning. May it please the Court, good morning. Good morning. My name is Kenneth Flaxman. I represent the appellant. I would like to reserve several minutes for rebuttal. In this case, the plaintiff below challenged the constitutionality of Section 1586 of the Property Tax Code. In the trial court, there were cross motions for summary judgment filed. The trial court denied the plaintiff's motion for summary judgment and granted the summary judgment motions of the defendant, the Illinois Department of Revenue and its director, and the intervener, the Illinois Hospital Association. The actual language of Section 1586 requires the Illinois Department of Revenue to issue a property tax exemption to a hospital applicant if the hospital applicant demonstrates that the value of certain services equals or exceeds the hospital's estimated property taxes. The way that the statute is written, the department must grant the exemption if the specified test is met. And why is that? When we know from statutory interpretation that shall has to be examined before it would ever be concluded that it's mandatory. The cases that talk about shall, whether shall means shall or doesn't mean shall, the mandatory versus directory issue that came up in the briefs are flawed for two reasons. First, in the context of this statute. First, if you look at those cases, those cases all involved a procedural issue. For instance, in the Shife case, S-H-I-E-F, the issue was that the statute required the circuit court to timely docket post-conviction petitions and bring them to the attention of the court. It's a procedural issue. That's not a substantive right. Section 1586 purports to grant a substantive right, your entitlement to a property tax exemption, which is something under the Constitution. So the first way that we distinguish those mandatory versus directory cases is Is that there's not a single case that relates to procedure. That's correct, Judge. And I think that's an important distinction. All right. I think it's an even more important distinction in the context of a case like this, where the statute is so plain and clear when you examine the face of the statute and its text. And the way that the defendant and the intervener are trying to get around that clarity is to employ a variety of statutory construction techniques. Well, wouldn't we generally review this provision with other provisions that are on the same subject? In the same statute, yes. But I don't think that you can comb through all the statutes in the 68 and then decide, well, here, we found one that we think would make this constitutional if we read it to be in conjunction with Section 1586. Well, aren't there any other sections that we could read in conjunction with 86? What about 65? Most respectfully, no. Why not? And the reason I say that is because Section 1586 doesn't refer to Section 1565. They're separate statutes. They stand on their own. There's nothing in the statute that says to the department, by the way, you need to look at this other statute, and that's how you should satisfy the constitutional requirements. If the language had been included in the statute primarily used for charitable purposes, would that make this constitutional? Yes. It would. Eden says if you had that language exclusively for charitable purposes, it's constitutional. So that's the only thing that's missing here. I'm pausing because it may not be the only thing, and I'm not being stingy, but I think that's an important thing, in fact, the critical thing that's missing. Had that language exclusively for charitable purposes been in there, none of us would be here today. It would be constitutional on its face. Eden already decided that issue. Go ahead. Go ahead. And in the last few pages of the Carl decision, they raised the point that somewhere there's a hospital that may very well comply with this, if you read it literally, who does all except maybe a miniscule amount for charity, and that group would fit in with this statute. If this statute is declared unconstitutional, what happens to the tax exemption status of that hospital that does fit this statute? Are they then taxed? Is there any other way? Are they then taxed? Unless they go in for an exemption under some other provision, yes. All right. Now, in your brief, I think you initially conceded that this does not meet the no set of circumstances test. You can't establish that there isn't a hospital out there that could meet both the constitutional requirement and this statute and still meet our constitutional requirement. You haven't been able to satisfy the requirement for a facial challenge, that there is no set of circumstances under which this statute cannot be found to be constitutional. Haven't you conceded that? Most respectfully, no, Your Honor, and here's why I say that. All right. The no set of circumstances test was something that was discussed at length in the Carl decision that came out of the Fourth District, the Pellissippi. Is that test valid? Let's get that right out here right away. Is the Illinois Supreme Court, have they repeatedly told us as lower reviewing courts that the no set of circumstances test is the barometer, so to speak, for facial unconstitutionality? I think that they have said that, but they have not told the appellate court how to apply the test. Okay. So it is in existence, that is the test, but there's not any clarity on how we apply it? Is that what you're saying? That's correct. All right. And what the Fourth District did, which I thought was very smart, was they went to the underpinnings, and the underpinnings of the no set of circumstances test was a United States Supreme Court case, and that case said that the starting point is the plain text and meaning of the statute. You can't jump to the no set of circumstances and ignore the plain text and meaning of the statute. You have to look at the two together, and that somewhat guts the no set of circumstances test, because if you can look at the face of the statute and reach the conclusion that it does not satisfy the constitutional mandate, then you should never reach the no set of circumstances test. Okay. Well, that's what the Fourth District said. Right. But are there numerous Illinois Supreme Court cases that suggest and that haven't in any way questioned the fact that the only way we can say this is facially unconstitutional is to say there is no set of circumstances under which this would be constitutional? I think that the language that came up in the cases that you're talking about exists, but if you look carefully, those cases do not perform any kind of analysis. I'm not talking about our cases. I'm talking about the Illinois Supreme Court. Are you saying they don't do any kind of an analysis? They do not do a complete analysis. All right. Well, you better save that for when you appear before them. I don't think I can say that. I really don't. I think the test is very clear. We are bound by it as an inferior court, and I don't think I would venture out to say that the Illinois Supreme Court hasn't adequately expressed the no set of circumstances. I mean, you can argue that as a lawyer, but I'm not going to say that in a decision. So, but putting that aside, do you agree that there's possibly a hospital out there that could not only comply with the suggestions that are legislated in this provision of the code, but at the same time that they could meet the constitutional requirement that they are principally in the, you know, that their principal purpose is charitable? I don't know if we were in the realm of fantasy. I could only speculate and say perhaps it's possible. So you think it's more of a fantasy to suggest that there were hospitals or there are hospitals currently that could not only meet the test of the statute, but could also meet the constitutional requirement? You think that's just a fantasy? I think it's very difficult for the average hospital that I am familiar with to satisfy all of the cores and factors, which is the Supreme Court's test to satisfy the constitutional requirements. Give us an example. Northwestern in Chicago. I think if the tests were applied to Northwestern in Chicago, it would flunk the cores and factors. Okay. But you're comparing maybe one of the largest hospitals around, right, in the state. So, but you're saying there's no other hospitals or affiliations, because doesn't this apply with, what's the other, I don't know, satellite? I'm using the wrong word. But you're saying it's really a fantasy to suggest that a hospital could not only meet the test that the legislature's, you know, enunciated here, but at the same time that there were really primarily or that their purpose was for sure. Perhaps fantasy was a poor choice of words on my part, but I do think for me to do anything to speak to that issue in front of you would be speculation, because there are some hospitals I'm familiar with, like North Shore. And I think that if North Shore were under scrutiny under the cores and factors, they would flunk. But I don't have the data, and the record does not reflect data. But don't you have to show that in order to achieve facial unconstitutionality? Don't you have to do that as the taxpayer that's challenging the statute on the basis that it's facially unconstitutional? Don't you have to show that there's no set of circumstances under which this could be applied constitutionally? Isn't that your burden? Yes, I have to show no set of circumstances, but I disagree with my interpretation of what the court is telling me is the no set of circumstances test. In other words, I don't think I have to come forward and explain the hospital. What the Fourth District did was they approached it from a slightly different angle. They looked at the statute, and they said that the no set of circumstances test could ever be satisfied for two reasons. The first was the inescapable flaw that the word exclusively was missing from the statute. And second, that Section 1586 created this new ownership requirement, a hospital applicant, and that the hospital applicant requirement would flunk the validly applied portion of the no set of circumstances test because there's never a circumstance where that is a constitutional criteria. All right. Well, you've asked us to stay our decision, and what's the basis for that? My understanding is the Carl case is now before the Supreme Court and was argued in January of 2017. Based on what I typically see happen in the decisions, I would guess there's a decision sometime between now and maybe July, and that decision had one of the issues in it. Well, there's a number of issues, aren't there? Whether or not there's jurisdiction, whether the appellate court had jurisdiction, whether or not the statute is actually retroactive, which the Fourth District held, didn't they? In order to get where they went to the no set of circumstances, not only did they have to examine jurisdiction, but then they had to examine whether it was retroactive because if it wasn't retroactive, the appellate court had actually no reason to reach the constitutionality, did they? Yes, I agree with that, Your Honor. All right. And I think all the lawyers asked the court to reach the issue of constitutionality, didn't they? You weren't at those quarrels. I listened to the argument, though, and that's my recollection of the argument. Every lawyer asked the court to reach the actual issue, but there was some suggestion that perhaps there were too many frailties with that Carl decision so that the court may not actually get to the constitutionality. Do you remember hearing that? I remember one of the justices asking questions that were directed at jurisdiction. Okay. But I don't know how they're going to interpret that or what they're going to do with that when it comes time to actually write the opinion. Anything further? Did you want to talk about the provisions you raised in the reply brief? That's it. Anything else you want to add? There's one other thing, and it may sound a little bit like a closing argument, but I think I'll do it now instead of in a rebuttal if I have time. Go ahead. You do. You do. You've got as much time as you want. Thank you. The approach that I took to this case was really one of common sense. I just started with what does the statute say? Because it seemed to me that's what the Supreme Court told us to do in the Eden case. In the what case? The Eden case, Eden retirement. There's a case that I've been waiting years to quote and now seems like a good time to quote it. In Lake v. Neal, 583 F3rd 1059, the Seventh Circuit applied something called the duck test, D-U-C-K. And the duck test says that if it walks like a duck, quacks like a duck, and swims like a duck, it's a duck. Here, the plaintiff's position is Section 1586 is a duck, and everyone else is saying it's not a duck. We think that ignores what the statute says, and we also think it just defies common sense. At some point, you have to employ so many statutory construction and interpretation tools that you're just too far away from what the statute actually says. Well, I mean, I don't know if it's a stretch, though, to rely on the basic principle that we use in all facial challenges, that the burden on the challenger, they have to show to the court there's no set of circumstances. And you're basically saying that that's really not the test, that there's no hospital that could meet the test, and that the Fourth District had it right when they went to the underpinnings of the test and challenged it themselves, whereas the Illinois Supreme Court, as recently as a couple of months ago, has steadfastly used that test for facial constitutional challenges. And I'm conceding that the no set of circumstances test is problematic. Oh, it's problematic? It is. It's problematic for me. Yeah, as the appellant and the person or the, has the burden to show. Yes, but I also believe it's problematic for the court because the no set of circumstances sounds very simple when we call it a no set of circumstances test. But when you drill into the test, it's a little more complex than that. Sure, but then it's always the burden of the person challenging the test to show to the court that there is no set of circumstances. That was your burden. That's correct. And the way that we tried to establish that burden was using... Was to attack the test. Really? To say the test is flawed. Yes, that was one aspect of it. And then the second aspect of it was to adopt the same position that the Fourth District did and attack the language of the statute itself, which has two flaws. All right. You're going to have some time for rebuttal. Thank you, Your Honor. Mr. Flom. May it please the Court, Stephen Flom on behalf of the Illinois Hospital Association. I suspected that when the court ordered oral argument after having issued its decision that there might have been a particular issue that interests at least one of the members of the panel. My primary goal this morning is really to make sure that I address whatever that issue or concern might have been. Well, there's lots of reasons why something may not have an oral argument. Sure. I don't know that that really hinges or has anything to do with why we're here today. Okay. I'll then left my own devices. Let me start by addressing the outlook for the Carl Foundation appeal in the Supreme Court. Justice McBride, you've already alluded to the argument. Mr. Eulitz and I argued the case in the Supreme Court on behalf of the appellants. It may turn out to be a thrustful hustle for today's argument. But the Supreme Court, I think, made it clear that it was very familiar with this case. And, of course, this court's opinion was brought to its attention in the briefs that it received. And I have to say that I was left with the impression, and obviously I don't presume to know what the court's going to do, but I was certainly left with the impression that this case, rather than the Carl Foundation case, will turn out to be the one in which the Illinois Supreme Court conclusively decides the facial constitutionality of Section 1586. Well, then you better tell us why we got it right. Yes, I'm happy to do it. There are a lot of reasons why we got it right. And I also, before I do that, I just want to say a few words about what that suggests about the petition for re-hearing in particular and the timing of the petition for re-hearing. Because, frankly, when the petition was filed, since there really wasn't anything new in it, it seemed like it was just an attempt to try to keep the case alive until the Supreme Court decided the Carl Foundation case, and was hoping that they would affirm and then that this case would be summarily disposed of. Well, I wouldn't take that view at all. And we routinely get petitions for re-hearing on many, many cases. And I think that the petition for re-hearing was a valiant effort and a sincere effort to point out to the court that we've made a mistake. And so I say that with all respect for you and for Mr. Flaxman, for all the lawyers. There's nothing unusual about the fact that there was a petition for re-hearing filed. And I think that they have made some points as to perhaps where we erred. Well, let me start then by quickly addressing the timing issue, and then I'll move into the substance of the issues and the reasons why the court properly determined that the statute is facially constitutional. On the timing issue, as the court has heard from and seen from watching the video of the argument, the Supreme Court was apparently concerned about the jurisdictional issue in the Carl Foundation case. That case was before the appellate court on Rule 304A appeals. And while many of us thought, some of myself included, that jurisdiction was proper in accordance with the Supreme Court's precedent, certain Justice Thomas and there may well have been indications from other justices as well, seemed to be skeptical about that. So it seems, I think many of us left the courtroom on January 12th thinking that there was a good chance that the Supreme Court was going to vacate the 4th District's decision on jurisdictional grounds without reaching the merits of the constitutional issue. And as Justice McBride, as you correctly pointed out, there are other threshold issues that the Supreme Court would have to get to in Carl Foundation before it even reaches the constitutional issue. So what are the implications for this court in the context of a petition for a hearing and the timing of its decision of the fact that Carl Foundation might not decide the merits of the issue? And the answer is that it really suggests that it would be in everyone's best interest and extremely helpful if this court would decide the petition for a hearing as soon as possible. The Department of Revenue suspended the processing of exemption applications under Section 1586 more than a year ago. I think there were news reports cited in one of the briefs that as of about six months ago or nine months ago, there were 95 applications pending, undoubtedly more since then. So it's important that if Carl Foundation doesn't address the constitutional issue, it would be helpful for all concerned, the Department of Revenue, the hospitals in the state, local taxing bodies, that this case get to the Supreme Court as soon as possible. You've indicated you're opposed to any state. Now, why don't you address the petitioner's argument that the absence of the language of the Constitution renders this statute infirm? Well, there are two basic reasons why they're wrong, and this court noted in its opinion what both of those reasons are. The appellant's decision is literally unprecedented. The appellant is unable to cite a single case in which a property tax exemption statute has been found facially unconstitutional. But didn't those other cases, didn't those statutes contain the magical language? No, they did not. All right, give me a case. I'll give you three cases. All right. We'll start with the Chicago Bar Association case. In the CBA case, the language in question simply referred to the property of a professional association that was adjacent to a school. The relevant statutory language did not include the language of property being used exclusively for, in that case, school purposes. Well, don't they suggest otherwise? They're wrong. All right. They're simply wrong. The language is not in the relevant section of the statute. All right. The second case is the Presbyterian Theological Seminary case. In that case, the statute in question purported to authorize exemptions for all property owned by institutions of learning. The statute did not contain the constitutional language requiring that that property be used exclusively for school purposes. The Supreme Court nevertheless upheld the facial constitutionality of the statute, even though it did not contain the magic words. Another case is the School of Domestic Arts and Science v. Carr, another Supreme Court decision, this one from 1926. Again, the statute in question there purported to authorize an exemption for all property of schools. It didn't require, as the Constitution requires, that the property be used exclusively for school purposes. So it's been clear in our state for more than 135 years consistently that statutes do not, exemption statutes, do not have to contain the constitutional language in order to be facially constitutional. What do you think of counsel's concession that the only thing that's infirm about this, then, is that the language isn't there? It doesn't have to be there, and those three cases make it clear. In addition, as this Court pointed out, cases and the courts have consistently interpreted exemption statutes to be merely descriptive and illustrative of the circumstances under which an exemption is allowed, but always, always subject to a determination by a court, if necessary, that it's constitutionally permissible as well. That's always, always a requirement. This Court noted that that has consistently been the result in property tax exemption cases. And so, in short, as this Court concluded, the General Assembly knew exactly what it was doing when it enacted Section 1586. Can we read more from their language when they say that we are not suggesting that ipso facto any hospital will receive this exemption? Can we take something from that that supports the constitutionality of this Act? We can take a lot from that. That, of course, is in Section 1586A5 of the Property Tax Code. That language is a direct reference to the Eden case. In the Eden case, the Court noted this crucial distinction, and Eden upheld the facial constitutionality of a charitable property tax exemption for all folks' homes. And the Court noted the distinction between statutory criteria, which the General Assembly is free to add, and then the constitutional issue of exclusive charitable use. And the Court held that while the General Assembly can add statutory criteria, nevertheless entitlement to an exemption requires establishing that the constitutional charitable use requirement is satisfied, that the legislature could not, and they used these words, ipso facto determine that particular property would be exempt. And the General Assembly expressly referenced the Supreme Court's decision in Eden when it used that language. The General Assembly also expressly referenced the Supreme Court's decision in Eden and also in Provena when it emphasized, again in the same finding, Section 1586A5, that it was simply creating a category, a new category of charitable ownership. Eden and Provena and other cases from the Supreme Court, and as this Court recognized, consistently recognized the distinction between charitable ownership, that's a condition that the General Assembly can add if they choose to do so, and the constitutional requirement of charitable use, that's something that the General Assembly cannot purport to change, and that they clearly did not attempt to change here. So we know that. The Court expressly declared its intention that it was mindful of the distinction between ownership and use. It was only addressing ownership. Why don't you talk about the no set of circumstances test? I would love to. I love that. I love that issue. And I was struck by counsel's suggestion that while he was reluctant to concede that it was theoretically possible that a hospital could both satisfy the statutory criteria in Section 1586 and also happen to satisfy the constitutional requirement of exclusive charitable use. I was very surprised by what was said here today because on page 14 of the appellant's brief, he states, quote, it is hypothetically possible to imagine a hospital applicant that during the hospital year provided services and activities listed in subsection E that equaled or exceeded its estimated property tax liability. That's the statutory requirement. And that also used its subject property exclusively for charitable purposes. Close quotes. That's the constitutional requirement. That's the end of the case right here. He conceded that is what the no set of circumstances test means. And for counsel to suggest that, well, the no set of circumstances test isn't satisfied here because the statute doesn't contain the magic words from the Constitution, that argument is flatly inconsistent with and contradicted by controlling authority. And, again, this Court noted that in its decision you didn't misapprehend anything in the decision. It was a very carefully crafted decision. Well, you know you're preaching to the choir when you say that. And it would be a shame, in all sincerity, Your Honor, it would be a shame if that decision does not remain on the books published and cited by the Supreme Court in the Carl Foundation case if it happens to address the merits. And so it's really important to get that decision final so that that's exactly what happens here. Well, counsel says we've misapplied the no set of circumstances test. Well, counsel ignores the fact that there are plenty of cases, and I'll mention three of them, where courts upheld under the no set of circumstances test statutes even though the statute did not contain the applicable constitutional standard. It just doesn't have to do that. So, for example, the very first case in which the Illinois Supreme Court adopted the no set of circumstances test, that was the Inouye C.E. case. In an Inouye C.E., that case did not have the magic words having to do, that involved the administration of psychotropic medication. And there was a standard for doing that having to do with the substituted judgment test. The statute did not contain the substituted judgment test, but nevertheless the constitutionality of the statute was upheld. A second case is Hill v. Cowan. Hill v. Cowan involved a challenge to an extended term sentencing statute. It was challenged under Apprendi. The argument was the statute's stationary and constitutional because it doesn't specifically require in accordance with Apprendi that the jury find beyond a reasonable doubt that the defendant committed all the elements of the offense. With all this going on with this particular legislation, I have to ask, counsel suggests that magic words are missing. And that's really the only reason this is infirm, which I don't know how persuasive that is one way or the other. Has there been any effort to amend this statute in the legislature since this all started when we had the Carl case first came out? Any effort to add that language that you're aware of? No, because the legislature's intent was clear from the outset. But it has happened, though, where the legislature has gone back and added a few words here and there. You know, on occasion they have done that. Sure. And they haven't done it here. No effort has been made for them to do that because I think the precedent is clear. Its intent was clear all along in terms of simply supplementing the constitutional standard. And the case law is clear that that's exactly how we interpret these statutes and that in any event it would be constitutional under the no set of circumstances test. The Illinois Supreme Court recently actually inserted words into a statute so as to upheld or uphold, rather, I should say, its constitutional validity. Are you familiar with that case? It was a criminal case. I'm not sure. Bishop v. Allen Johnson decided January 20th of 2017. I'm not familiar with that particular case, Your Honor. Well, I'm not going to go into it in detail except to say that in that case the court had, they interpreted the statute in which the legislature intended and they had to insert in the petition for leave to appeal language in the statute that the legislature omitted by oversight. There is precedent for that, isn't there? Absolutely. In that case and in other cases as well. So this court correctly determined, number one, that the statute should be interpreted in accordance with precedent to simply supplement but not purport to supplant the constitutional standard. The jury is still out on that one because I think the Supreme Court has a significant interest enough that this may be the case that they take to decide whether it was constitutional or not. I agree. We don't have the final word. Anything you want to add at this time? No. All right. Thank you very much. All right. Good afternoon, Your Honors. Carl Elitz, Attorney General's Office for the Department of Revenue. Mr. Elitz. I just want to address a few things that Mr. Flaxman said that I don't necessarily agree with. He seems to raise a procedural versus substantive distinction, which is new to me. I don't recall it being briefed. It doesn't, if it's there, I don't. Oh, I don't recall that either. He suggests that the new statute, Section 1586, does not incorporate the constitutional test. We've argued otherwise. We think it is incorporated. The new statute talks about wanting to create a new category of ownership. The categories of ownership are in 1565. So 1586 is obviously about adding to what 1565 says. Don't we have to read them together if they are on the same subject and discuss the same subject? Is there anything flawed about that? No. Yes, you do have to read them together, is my answer. And the old statute uses the term under Subsection A, institutions of public charity. That's the traditional method the hospitals would use. And the new statute talks about wanting to give hospitals a different category beyond the institutions of public charity exemption. So it's very clear that the General Assembly, in drafting 1586, the new statute, had the older statute, 1565, in mind. The old statute, in its preface, incorporates the constitutional language. So it's very reasonable to suggest that the General Assembly members that voted for this legislation had that in mind. Is there any more in there that you would pull out to suggest to this Court today that perhaps we didn't see, that suggests that the legislature always and clearly intended to incorporate the constitutional mandate for tax exemption? I have nothing that I didn't see in the decision that this Court issued. I agreed with almost all of it. It actually had analysis that was supportive of things I argued that actually went beyond what I argued, but it all seemed good to me. Mr. Flom references three cases where he says he has examples of cases where the constitutional test is not included, and yet the Supreme Court has held that the statute is valid. I'd add to his list of three cases Eden itself. As I read Eden, there's two reasons the Court decides the statute in Eden is constitutional. The first is before the word furthermore in the decision. The Court is going through the analysis, talks about how these exemption statutes must be read in context, and then suggests that the statute is constitutional in that case because they're reading it in context, which is what we're arguing. Then the word furthermore appears, and then the Court says, and if you read 1565, there's the language right there. So there's two reasons in Eden, and I would suggest that when the Court is doing the analysis before the word furthermore, what it's saying is in exemption cases, the courts understand that the General Assembly is working in what I call the statutory sphere, the ownership criteria as opposed to the use criteria, which is tied to the Constitution. I think what Mr. Flaxman has to do to prevail is to show that the statute cannot be read in a way that is constitutional, and he took up that burden in his complaint and said that the statute prohibits a taxing authority or the Department of Revenue from not issuing an exemption even if the constitutional criteria are not met. He and I disagree about that. I don't think that's the way the statute should be read. I think your decision explains that over a course of many pages. Nothing has been overlooked. Nothing has been misapprehended. So I would suggest that the decision on the hearing should be left to stand as it is. Well, didn't you agree, though, with Mr. Flaxman about staying this decision? I'm somewhat ambivalent about staying the decision. Mr. Florman and I had a discussion yesterday, and he makes the point, and he made it just now to you. Well, he enunciated his reasons in his brief, that we should not stay the decision. But he also makes the point, I think for the first time here, yesterday on the phone with me, that the Illinois Supreme Court might want a decision from this court as something it can use to cite as to what the correct rule of law is. And what is our authority really to stay something pending the outcome of an Illinois Supreme Court decision? I don't know of any specific authority to do it other than the fact that the court can retain jurisdiction by not ruling. Although there was a request to stay this decision early on. That was by me. And that was denied by me. Yes. All right. So those being what I see here to address, I think I'll stay on my brief. I want to mention, I think I did mention the Empire Materia idea that you'd use 65 to interpret 85. Mr. Flaxman said something that he was going to raise something on rebuttal. I don't know what that is, but I hope it's nothing I need to comment about. So if there are no questions, I ask the court to deny relief of the hearing and to leave the decision stand. Thank you. All right. Mr. Flaxman, you may respond. Your Honor, unless the panel has any additional questions. Well, I do have a question. I want you to respond to Mr. Flom's and Ms. Relich's statement that there's multiple cases in which the language of the Constitution was missing from the statute, and yet the Supreme Court determined that those statutes, taxing statutes, were constitutional. I don't read them that way. The cases you're talking about were the series of- They mentioned the Bar Association, Eden, and there was a third. I hate to use the words. It was the Methodist old folks. I prefer to call those lines of cases the McKenzie cases, which is- Yes, you did, I think, in your brief. That's the decisive Supreme Court case. And the way to harmonize all of those cases, and by the way, the Chicago Bar Association was something that flowed after the McKenzie decision and relied heavily on the McKenzie decision and seems to just be a regurgitation of what McKenzie did. It was kind of an easy case because McKenzie had already been decided. But the framework and the text and the language in the statute at issue in McKenzie had a litany of examples, and within one of those examples, the magic word existed. So you had the magic word exclusively somewhere in that particular statute. And it was on that basis, in my opinion, and I think that idea is supported by the opinion, that the Supreme Court said, now we can do it. We can say the constitutional criteria has been met. It may have not been perfect. It may have been down in the middle of the list somewhere. But it was there. We can take a reasonable interpretation of this long list of examples and apply that word exclusive essentially as an adjective to all of the examples. And that is a defect. That is the inescapable flaw with this statute. It's just not susceptible to that kind of construction. The way that the legislature wrote it, it's an open and shut door. The light switch is on or the light switch is off. If you're a hospital applicant and you meet the mathematical test, the department has to give you the exemption. And the consequence of not meeting the test, no exemption. Well, I think that the problem with the argument that this is mandatory versus directory is that there are no consequences in the statute. There's no repercussion. There's nothing directing the Department of Revenue. I don't follow that argument. So most respectfully, I'm looking specifically at subsection C. And so there are two consequences of subsection C. Meet the test, get the exemption. The consequence of not meeting the test is you don't get the exemption. And that's a consequence. And that's another reason why the mandatory versus directory line of cases doesn't work. In those mandatory directory cases, the statutes had no consequence if the clerk forgot to docket the decision. Are you raising the procedural versus substantive question for the first time here today? No, that was in the brief. If you look at the way we distinguish the cases in our reply brief around pages 2, 3, and 4, we got into that in a lot of detail. All right. And the position we took on that was those cases are distinguishable because they dealt with the procedural issue. Here, 1586 is a substantive issue. And then we went a step further and said, and even if they were applicable here, there is a consequence here. The statute doesn't have to say if you don't do it, here's the consequence. The only consequence of not issuing the exemption and failing to meet the test is naturally. But isn't that defeated by the language that they used earlier about not granting or meaning to suggest that someone that complies will ipso facto get this exemption? Isn't that completely defeated by the earlier language? No, Your Honor. I don't believe so. I believe that. What did that mean then? That meant that the criteria that applies is if you meet the test, the mathematical test, that's the case or circumstances, it's the last two sentences of subsection A5, then you get the exemption. And if you can't meet the test, you don't. And that's the consequence that takes this out of the directory versus mandatory line of cases.  So they have to grant the exemption, even though that's their whole purpose, is to determine whether or not it should apply. Yes, they have to grant the exemption. And for purposes of applying 1586, all they're doing is a mathematical test. They're comparing two numbers and that's it. And that's where it falls apart. All right.  All right.  Thank you. We're going to take this case under advisement. And, of course, Justice Rochford is part of the panel and will certainly be listening to the arguments at some point soon. So thank you, Paul. Thank you very much, Your Honor. We'll take the case under advisement and we stand adjourned.